We'll move on to our second argument in Bryant v. United States, and that one is case number 24-3093. Ms. Dowse. Good morning, Your Honors. May it please the Court, Angela Dowse for the defendant and appellant, Donnie Bryant. I'd like to reserve two minutes for rebuttal. Your Honors, I start today with two realities, the first being the harrowing underlying case facts, and the second being that the District Court, in a 20-page decision, abused its discretion in denying Donnie Bryant's motion for sentence reduction. Yet a motion for sentence reduction should have been granted under the law and the facts. First, the District Court did not apply the correct law. This is true by necessity. The District Court acknowledged this Court has not yet decided whether juvenile status qualifies as an extraordinary and compelling But that doesn't mean that the District Court got it wrong. I mean, we may not have decided that, but don't we have to look at whether juvenile status should fit within the extraordinary and compelling reasons? Yes, Your Honor. So that's certainly why I'm here today. So I'll move on to the factual analysis. We would review that issue as de novo, right? Your Honor, I would request that be true. You know, I was concerned about the level of review of the decision based on the motion versus, for example, a statutory review, right, which would be de novo, as Your Honor mentions. Okay. Your Honor, so I'll move on to sort of the second issue under the abuse of discretion standard, the clearly erroneous finding of material facts, which I necessarily have to argue if it were under abuse of discretion, Your Honor. So youth by itself, although it may not be enough, my argument would be youth plus some other factor would be something to cross the threshold in this matter. And you're just talking about extraordinary and compelling? Yes, Your Honor. Because we can't consider youth under the 3553 factors, right? Yes, Your Honor. Certainly we can. And, you know, maybe jump to that part, Your Honor. The court did not find extraordinary and compelling circumstances. So it didn't. It didn't do the rest or it did. I forget. So at the end, the court mentioned the 3553 factors briefly, but had said that, well, we didn't find I did not find an extraordinary, compelling circumstance. So therefore, the thirty three fifty five thirty five fifty three factors are essentially not applicable at this point. Did you raise or did the district court consider your client's behavior while in custody? No, Your Honor. So did you raise it? Not in my briefing, Your Honor. But there is evidence in the record that talks about that. For example, in Donny Bryant's original pro se motion, he makes a brief mention of his rehabilitation while in custody. There are also four letters in the record that the court did not utilize or reference in the decision. So we would ask at least that it be remanded on that basis to review rehabilitation. And what's been happening the last it'll be 20 years in May. Right. With the client. So that's a significant amount of time. That's over half of my client's life. So, Your Honor, I just wanted to talk about more than one fact. In addition to youth, it embraces the rulings of the courts deciding against a sentence reduction. So they were considering only youth. It was known at the time of the original sentencing. So I essentially disagree with the district court that youth alone and the deep analysis should be considered without context. Just as rehabilitation alone is not enough, youth alone should not be enough. So it's really a combination of factors. That's why you're pitching this as an abuse of discretion issue as opposed to a legal question. Because you think that if it's a legal question, even though you get de novo review, it's probably not where the court should come out to say that youth has to be considered. Your Honor, yes. Although, of course, I do know of her review, Your Honor. No, we appreciate your judgment on that. So this case was argued together, the youth of the client at the time, together with this unusual circumstance of a co-defendant being resentenced 10 years after conviction in trial. This was the co-defendant that had a plea agreement? Yes, that is correct, Your Honor. But an unusual plea agreement, right? The one that was not a pretrial plea agreement. So I point to the idea that the case law that was used in support of a plea agreement being different was in the context of a pretrial plea. And certainly we know that a person that takes a plea versus going to trial before trial or that's a different circumstance. This is an unusual case, Your Honors. And there's a risk of kind of trying to discern the reasons for that plea, especially an unusual post-trial plea. Subjectivity comes into play. There's arguments and negotiation that are not evidence, that were not tested by the jury. And no trial to be able to test whatever happened with that plea agreement or the facts related to it. So essentially a Sixth Amendment concern compared to my client's case. If we can get to the merits here of your argument on the extraordinary and compelling circumstances, you have to come in under Section 5, Other Reasons. So give me a little bit about your similar in gravity analysis. How does his age of 16 compare to Sections 1 through 4? Your Honor, if I understand the court's concern that it would perhaps unduly expand the Other Reasons category so that many other reasons will flow into the other. Well, you have to get there somehow. You're on the merits. You have to get there. It's clear that your claim for Mr. Bryant doesn't fall in Categories 1 through 4. Yes, Your Honor, undeniably so, right? And briefly, you know, this is an unusual circumstance, not only because of the client's youth, but also taken together with that post-trial plea agreement. So that is what I'm arguing is the other category. And the 2023 amendments to 1B1.13, there were, you know, the Sentencing Commission acknowledged there could be dozens of reasons for granting a motion for sentence reduction, which they could not encapsulate. Certainly, it would be unusual for the Sentencing Commission to say, if the particular offender was 16 at the time of the offense, and if 10 years after trial and conviction, the co-defendant happens to be resentenced, it just isn't something that could be encapsulated. Yeah, but I think you mean you're overlooking it. You still have to shoehorn your argument into some section here. And I'm giving you the opportunity to tell me why his youth at the time of the commission of this offense is of similar gravity to paragraphs 1 through 4. Your Honor, the closest under at least pre-2023 amendments would be the health issues combined with age under B2. Although it's imperfect, that's the closest analogy I have, Your Honor. Under a prior version of the statute, I think, these proceedings would be triggered by some statement by Bureau of Prison Officials, custodians saying, take a look at this person's sentence. Did anything like that happen here? Not that I'm aware of, Your Honor, no. So the record is blank on whether his current custodians have an opinion one way or another about his rehabilitation. That's correct, Your Honor. Okay. I'll reserve the balance if I could. Yep, thank you. Good morning, Your Honors, and may it please the Court. James Gator for the United States. You have a new boss. I do. Thank you, Your Honor. There are two primary issues on appeal. First is whether the district court abused its discretion when it analyzed the 3553A factors and found that those factors weighed against a reduction in the appellant's case. Second is whether the district court abused its discretion when it found that none of the three pro-offered reasons of the appellant rose to the level of extraordinary and compelling reasons. The answer to both of these issues is that the district court did not abuse its discretion. First, as to the 3553A factors, the district court took care to analyze the underlying conduct in this case, finding not only the dangerous but ultimately deadly nature of the incident, leaving one person murdered in cold blood, a second injured, and more threatened with the specter of death. The court also— Excuse me. What's the government's position on whether age can be an extraordinary factor? That it could be but is not in this case? That it can never be? What's your position? My position is that it would not be a reason that could be or rise to the level of extraordinary and compelling. It is inconsistent.  Never as far as the reading I have of the policy of the Sentencing Commission that the catchall B-5 is not a true catchall. It itself references sections B-1 through 4, which emphasize the commission's care as far as incarcerated individuals who are subject to mental health and physical abuse or deteriorating health. Where age is mentioned, it is excluded or limited to individuals of advanced age. And again, that's in conjunction with failing mental or physical health. All four of those, B-1 through 4, are not applicable to the appellant. So what is a defendant's recourse if at 16 he commits a heinous crime, but everybody says 20 years later, 30 years later, he's been completely rehabilitated? Is there, under your theory, that would never be grounds for compassionate release? Yes, Your Honor. I think part of that would be just a sort of respect for the finality of the sentencing, for the consideration. Are there other areas where reduced sentence could come into play under rehabilitation? It's just not. Congress hasn't allowed for that. I think possibly an analysis of B-6, which I believe speaks to unusually long sentences. But again, that would not be applicable to the appellant in this case. Given count one, he was originally given a life without possibility of parole, if I remember correctly, for the Vicar murder conviction. That was then changed to be 40 years, although he could have, again, at the sentencing, as the record makes clear, been given that life conviction. And further, at the time of sentencing, 2014, the appellant could have and was recommended by the probation office to receive the stacking that was available at that time for a total recommended sentence of 150 years. That was rejected at that time. Instead, the appellant was given the 10 years for each of the 924C convictions running consecutively, and the 10 years as opposed to the five that I think is mentioned in some of the briefs, given the discharge of the weapon. Okay. Now, Judge Hawkins asked you, was there ever a time that age could apply? I have a question about section E of the policy statement on foreseeability of extraordinary and compelling circumstances, where that part of the section says that the reason for the reduction need not have been unforeseen at the time of sentencing. Isn't it possible that you could shoehorn a youth argument into that section in some case? I think it, I guess, could be possible, given that that, you know, the age of the appellant at the time of an incident or the conduct would be known. But I'm having trouble thinking of a way that maybe that would come into play. But I see, as far as the kind of expansive language of that, there could be a possibility. But as far as my reading, as mentioned, of B1 through 4 in the policy statement and the limited nature of B5, that youth would not rise to extraordinary. If Donnie Bryant had been 12 years old, would your position be the same? Yes, given that his sentence was, and his age at the time was considered, the reduction in this case, if the sentencing commission had decided to make that a reason or one that could be an extraordinary and compelling reason. Following up on your position that age can never, never, ever, ever be an extraordinary circumstance under the fabric of the law we're dealing with here today, you would argue that a 12-year-old engaged in the same behavior, that would not qualify. So I think I would— And your answer is still no. My answer would be not youth alone. If youth, in this case, as you mentioned, 12 years old, coupled with health— That's the fabric of my question, counsel, which began earlier when I asked you. The government's position is that age can never, ever, ever be an extraordinary circumstance. That's still your position? Standing alone, yes. What if Donnie Bryant were 10 years old? I think, yes, given that the sentencing commission, if it decided that it wanted to incorporate that into its policy, it would have. I think age, standing alone on the youthful aspect of that, would not be sufficient. If, over time, the youthful offender, even two years into their sentence, had mental or physical health deteriorations, I think that is something that could possibly reach the gravity of, I believe it's B-2. But standing alone, youth— You keep saying standing alone, and I think your opposing counsel has made clear that she's not making a standing alone argument. So I— Yeah, I mean, following up on Judge—my colleague's questions, I mean, you have here a disparity argument between what Bryant received the 70 years and the 35 years that Toliver got after the plea agreement. Whether the plea agreement excuses a disparity, you still have disparities. So could there be a case where you had somebody who was 12, 14, 16, where there was disparity, where, in fact, there'd be an entitlement to compassionate release? I think possibly—well, I don't see disparity as one that is considered by factors B-1 through 4. So even considering all the arguments made by the appellant, I think in the briefing there's mention that there was no sort of assertion that there was any mental health or physical problems with— Well, what about Section 6? Dealing with unusually long sentences? It talks about gross disparity. Yes, I think if there were an unlawful gross disparity coupled with the youth or even sort of standing alone, given that section, that could rise to that level. Here the appellant is in a distinctly different position. I think they had pled after the plea agreement to one Section 924J, if memory serves, conviction, where, again, the appellant here, a Vicar murder conviction, several 924C convictions. For those reasons, I think it stands sort of separate from that. Bryant doesn't necessarily argument, but, I mean, why isn't this 35-year differential a gross disparity for somebody who is 16 years old? I think because what he was convicted of, he could have received a much greater sentence, and what the co-defendant was ultimately convicted of after the plea agreement, it is not grossly sort of unlawful, that portion, the 70 years that he was given. So I think that's not a gross disparity given what they ended up convicted of. Okay. Thank you, counsel. Thank you very much, Your Honor. Thank you for the rebuttal. Your Honor, briefly, I believe there's some confusion about the applicability of 1B1.13 in terms of this motion. At the time Donnie Bryant filed his motion, it was July of 2023, and the amendments to 1B1.13, as Your Honor mentioned, went into effect in November of 2023. So, Your Honor, I believe, maybe it was of my doing, I didn't argue those new parts of 1B1.13. Were not applicable. You would argue they're not applicable. Your Honor, I would argue that I would like to, Your Honor had noted the newer parts actually have potentially more applicability than, for example, in other. Oh, and you want to be able to take advantage of them. Yes, Your Honor. So I ask to be vacated and remanded, not surprisingly, or at least a limited remand to determine the extent of rehabilitation or the new parts of 1B1.13. And which part do you think would help you the most? Gosh, Your Honor, part six, perhaps, and the unusually long sentence. There's also some commentary by the Sentencing Commission that talks about a motion that makes sense in the context of the new amendments where you have commendable rehabilitation while incarcerated, and the offense conduct occurred when the defendant was in his late teens or early 20s. That's part of the criteria. So I certainly wouldn't be arguing that if it was remanded back to the district court, Your Honor. And, Your Honor, we would just ask that at minimum, you just at least not had the opportunity foreclosed in the future to file a motion for compassionate release, certainly as facts come to light. Yeah, there's no restriction. It's not like a habeas petition, right? I'm not sure it's the best strategy, but theoretically you could file a new motion every year or every other year or whatever. I wouldn't suggest that, Your Honor, but certainly, yes, at the appropriate points, Your Honor. Okay. All right. Thank you. Thank you to both counsel for your arguments in the case. The case is now submitted.
judges: HAWKINS, Fisher, NELSON